# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## at Baltimore

| | | |
|---|---|---|
| IN RE: | | |
| D'ANDRE L. LEWIS | * | Case No.: 22-12214 |
|     Debtor | | |
| | * | Chapter 13 |
| _____ | | |
| STATE OF MARYLAND | * | |
| CENTRAL COLLECTION UNIT | | |
|     Plaintiff, | * | |
| v. | * | Adv. Pro. No.: 22-00098 |
| D'ANDRE L. LEWIS | * | |
|     Defendant | | |
|        *   *   *   *   * | | |

## AFFIDAVIT IN SUPPORT OF STATE OF MARYLAND CENTRAL COLLECTION UNIT'S MOTION FOR DEFAULT JUDGMENT

1. I am employed by the State of Maryland Central Collection Unit (CCU) as an Assistant Director and am competent to testify in this matter as I am over the age of 18.

2. I am familiar with the books and records of the accounts kept in the regular course of Plaintiff's business.

3. It is in the regular course of business for the Maryland Department of Labor (Labor) and its statutory collection agent, CCU, to make a record of transactions and disputes between Labor and its claimants.

4. The exhibits attached to the Plaintiff's Complaint are true and accurate copies of the account records of Plaintiff, and are true and accurate copies of the records of Labor and CCU.

5. The Defendant is not in the military service, as evidenced by the Military Status Reports attached hereto.

6. The record entries of Labor and CCU were made and kept in the normal course of

business.

7. The record of the Defendant's account was maintained in the regular course of business for Labor and it is in the regular course of business for Labor to make such a record, and that the record of account was referred to CCU in the normal course of business on or around November 3, 2016.

8. The Defendant is indebted to Labor based on unemployment benefits paid as a result of Defendant's fraudulent conduct for the time period of weeks ending April 21, 2012, through and including June 23, 2012; June 30, 2012, through and including July 21, 2012; (hereinafter referred to as the "Period of Fraud Overpayment").

9. Employer Petco Animal Supplies reported wages Defendant earned during the Period of Fraud Overpayment.  Defendant knowingly failed to disclose these wages as required, resulting in a determination of fraud by the Secretary of Labor.  *See* Exhibit 6 to Complaint.

10. Defendant did not file an appeal and all appeal rights have now expired.

11. The amount sought by Plaintiff in its Complaint for Non-Dischargeability of Debt was Two Thousand, Six Hundred Fourteen Dollars ($2,614.00) in principal, Four Thousand, Four Hundred Eighty-Three Dollars and Thirty-Eight Cents  ($4,483.38) in statutory fraud interest, One Thousand, Two Hundred Six Dollars and Fifty-Five Cents ($1,206.55) in statutory collection fees costs for a total of Eight Thousand, Three Hundred Three Dollars and Ninety-Three Cents ($8,303.93), plus the combined cost of this action and the previously-dismissed adversary proceeding #22-00033, Seven Hundred Dollars ($700.00); plus post-judgment interest at the federal rate.

I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the foregoing paper are true.

Dated: <u>July 1, 2022</u>                             <u>*/s/Judy Filipiak*</u>

                                                            Judy Filipiak
                                                            Assistant Director
                                                            State of Maryland Central Collection Unit